# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **DARIN MARTIN** and ) | |
| **DENISE MARTIN**, ) | |
| ) | |
| Plaintiffs. ) | |
| ) | |
| v. ) | Case No. 04-3338-CV-S-GAF |
| ) | |
| **ASSOCIATED WHOLESALE** ) | |
| **GROCERS, INC.** and **CROWN** ) | |
| **EQUIPMENT CORPORATION,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

Presently before this Court is a Motion to Voluntarily Dismiss Without Prejudice filed by the Plaintiffs, Darin Martin and Denise Martin (collectively "Martin"). (Doc. #31). Martin filed this Motion pursuant to Fed. R. Civ. P. 41(a)(2) seeking voluntary dismissal of this action without prejudice to re-file it in state court, naming two recently discovered non-diverse parties as additional defendants. (Doc. #32). The presently named Defendants, Associated Wholesale Grocers, Inc. ("Associated") and Crown Equipment Corporation ("Crown"), oppose this Motion. (Doc. #37, #36).

In an Order issued May 12, 2005, the Court GRANTED Martin's Motion to Voluntarily Dismiss Without Prejudice upon satisfaction of the CONDITION that Martin reimburse Associated and Crown for reasonable attorney's fees and costs associated with: (1) the removal of the present action; (2) the scheduling order in the present action; and (3) the briefing required on the motion to voluntarily dismiss the present action. (Doc. #46). The Court ordered Associated and Crown to set forth separately and specifically the reasonable attorney's fees and costs related to the remand, scheduling order and briefing

of the present motion to voluntarily dismiss within ten (10) days of the date of the Order. Id. Associated and Crown have timely submitted the requested documentation. (Doc. #47 and #49). Martin has responded. (Doc. #50). After careful consideration of the facts and legal arguments submitted by the parties, Martin's Motion to Voluntarily Dismiss Without Prejudice is GRANTED and he may re-file his claims in state court upon the payment of $8,984.57 to Associated and $9,474.00 to Crown to reimburse the Defendants for their reasonable attorney's fees.

## DISCUSSION

### I. Background

Martin seeks to voluntarily dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) and re-file his case in Missouri state court naming two additional non-diverse entities as defendants. The Eighth Circuit has identified four factors for courts to consider when determining the propriety of a voluntary dismissal pursuant to Rule 41(a)(2):

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, (4) the fact that a motion for summary judgment has been filed by the defendant.

O'Reilly v. R.W. Harmon & Sons, Inc., 124 F.R.D. 639, 640 (W.D. Mo. 1989) *quoting* Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987). Where these factors weigh in favor of granting a voluntary dismissal without prejudice, the Eighth Circuit has held that "payment to the defendant of the expenses and a reasonable attorney fee may properly be a condition for dismissal without prejudice under Rule 41(a) but that omission of such condition is not necessarily an arbitrary act." New York, C. & St. L.R. Co. v. Vardaman, 181 F.2d 769, 771 (8th Cir. 1950).

Based on this Eighth Circuit precedent, this Court issued an Order on May 12, 2005 finding that upon payment of certain reasonable attorney's fees and costs, this action would be dismissed without prejudice and Martin would retain the right to re-file another suit grounded on the same claims as set forth in his complaint. (Doc. #46). The Order further directed the parties to file supplemental documents detailing the reasonable attorney's fees and costs related to the removal, scheduling order, and briefing required on the motion to voluntarily dismiss the present action. In this Order, the Court will consider the "reasonableness" of the attorney's fees and costs to be awarded Associated and Crown as a condition to Martin re-filing another suit grounded on the same claims.

## II.     Standard

The amount of reasonable attorney's fees and costs awarded is committed to the sound discretion of the trial court. *See* Hensley v. Eckerhard, 461 U.S. 424, 437 (1983). "This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." Hensley, 461 U.S. at 437. The Eighth Circuit has advised courts to adhere to the guidelines set forth by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Hardman v. Bd. of Ed. of Dollarway, 714 F.2d 823 (8th Cir. 1983). *See also*, Allen v. Amalgamated Transit Union, Local 788, 554 F.2d 876, 884 (8th Cir.), *cert denied*, 434 U.S. 891 (1977). These twelve factors include:

> (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The 'undesirability' of the case; (11) The nature and length of the professional relationship with the client; (12) Awards in similar cases.

3

Johnson, 488 F.2d at 717-19. The Eighth Circuit has found that "it is not necessary for district courts to examine exhaustively and explicitly . . . all the factors that are relevant to the amount of a fee award." Griffin v. Jim Jamison, Inc., 188 F.3d 996, 997 (8th Cir. 1999). Rather, a district court must merely "provide a concise but clear explanation of its reasons for the fee award." Hardman, 714 F.2d at 825 *quoting* Hensley, 461 U.S. at 437.

### III. Analysis

In this action, Associated seeks the following attorney's fees and costs (Doc. #47, #49):

| **Attorney's Fees and Costs Sought by Associated and Crown** | | | | | | |
|---|---|---|---|---|---|---|
| | **Associated** | | **Crown** | | **TOTAL** | |
| | **Time** | **Fee** | **Time** | **Fee** | **Time** | **Fee** |
| Removal Fees | 3.5 hrs. | $671.90 | 4.4 hrs. | $766.00 | **7.9 hrs.** | **$1437.90** |
| Removal Costs | — | | $150.00 | | **$150** | |
| Scheduling Order Fees | 2.1 hrs. | $393.47 | 1.6 hrs. | $296.00 | **3.7 hrs.** | **$689.47** |
| Scheduling Order Costs | — | | — | | — | |
| Briefing Fees | 38.8 hrs. | $6,984.58 | 43.6 hrs. | $8,262.00 | **81.6 hrs.** | $15,246.58 |
| Briefing Costs | — | | — | | — | |
| **TOTAL** | **44.4 hrs.** | **$8,984.58** | **49.6 hrs.** | **$9,474.00** | **93.2 hrs.** | **$17,523.95** |

Associated is represented in this matter by Warden Triplett Grier, LLP and the attorney's fees Associated requests reflect the following hourly rates charged by its attorneys (Doc. #47):

- Christopher K. Snow, Partner, $230.00/hour
- Bobby Brown, Associate, $175.00/hour
- Jennifer Shafer, Associate, $150.00/hour

4

- Owen Newman, Associate, $150.00/hour
- Deb Mahan, Paralegal, $105.00/hour

Crown is represented in this matter by Stinson Morrison Hecker, LLP and the attorney's fees Crown requests reflect the following hourly rates charged by its attorneys (Doc. #49):

- John C. Aisenbrey, Partner, $225.00/hour
- Heather S. Woodson, Partner, $185.00/hour
- Ann M. Scarlett, Associate, $205.00/hour
- Joyce Hart, Legal Assistant, $130.00/hour
- Linda Way, Legal Assistant, $115.00/hour

In accordance with the Court's May 12, 2005 Order, Associated and Crown provided the Court with extensive documentation of the attorney's fees and costs requested including detailed time descriptions taken directly from the its Counsel's fee statements. (Doc. #47, #49)

### *(1) Attorney's Fees and Costs Related to the Scheduling Order*

Martin does not contest the fees and costs requested by Associated and Crown relating to the Scheduling Order. (Doc. #50). The Court agrees that Associated and Crown have requested reasonable attorney's fees with respect to the preparation of the scheduling order.

### *(2) Attorney's Fees and Costs Related to Removal*

Martin contests the fees allegedly incurred by Associated and Crown in removing the case. (Doc. #50). Martin asserts that removal is a "routine tactical maneuver by defense lawyers" "which requires no strategic consideration and involves little to no investigation." Id. Martin believes that 7.9 hours spent on a jointly-filed Notice of Removal is unreasonable and asks the Court to limit the recoverable attorney's fees to 1 hour of attorney billable time and .8 hours of paralegal billable time. Id.

The Court rejects Martin's argument and finds that 7.9 total hours of billable time is a reasonable amount of time to prepare and file a joint notice of removal. The Court notes that Associated and Crown jointly filed a six-page Notice of Removal detailing the Court's subject matter jurisdiction over the case. (*See* Doc. #1). Although the legal and factual issues presented therein were not exceedingly complex, whenever multiple parties jointly file a motion a great deal of coordination is required. The document may be prepared by one party, but the other parties must review and have the opportunity to revise the document. As such, the Court finds that Associated and Crown have requested reasonable attorney's fees with respect to the preparation and filing of the Notice of Removal.

### *(3)* *Attorney's Fees and Costs Related to the Oppositions Filed in Response to Martin's Motion for Voluntary Dismissal.*

Martin also contests the fees allegedly incurred by Associated and Crown in drafting their Oppositions to Martin's Motion for Voluntary Dismissal. Id. Martin asserts that the legal merit of his Motion was readily apparent and that Associated and Crown's arguments in Opposition to Martin's Motion focused on irrelevant matters. Id. Martin requests that the Court limit the recoverable attorney's fees to 10.8 hours of attorney billable time and 1.2 hours of paralegal billable time for each Defendant. Id.

As a preliminary matter, the Court notes that Martin has failed to provide any legal or factual support for his contention that the recoverable attorney's fees should be limited to 12 billable hours for each Defendant. Martin has not cited any cases where courts have found that 12 billable hours is a "reasonable" amount of time spent researching and drafting an Opposition to a Voluntary Motion to Dismiss. Furthermore, Martin did not arrive at the 12 billable hour award by examining the time descriptions

6

provided by Associated and Crown. Rather, this amount of "reasonable" time appears to be randomly selected by Martin. Second, Martin does not indicate what hourly rate applies to the 10.8 hours of attorney billable time and 1.2 hours of paralegal time which he considers "reasonable." As such, Martin's request that the recoverable attorney's fees be limited to 12 hours of billable time is unfounded.

The Court finds that Associated and Crown spent a reasonable amount of time researching and drafting their Oppositions to Martin's Motion to Voluntarily Dismiss. A motion to dismiss is a dispositive motion. Therefore, the Court expects Associated and Crown to thoroughly and carefully address Martin's Motion to Voluntarily Dismiss as it functions as a final and complete adjudication of the parties' interests in the present lawsuit.

Martin's Motion to Voluntarily Dismiss carried additional ramifications. Associated and Crown were aware of Martin's intent to re-file this action in state court if the Motion to Voluntarily Dismiss was granted. Associated and Crown clearly wanted to defend Martin's claims in federal court, as evidenced by their removal of this action. In addition to losing their choice of forum, if Martin re-filed his claims in state court Associated and Crown would be forced to expend additional time and incur further expense in beginning to defend this case a second time in state court. Associated and Crown wanted this case adjudicated in federal court and did not want to begin defending this case a second time.

Due to the significant consequences of Martin's Motion being granted, the Court presumes that Associated and Crown would spend the time necessary to vigorously oppose Martin's Motion to Voluntarily Dismiss. The Court does not find it unreasonable for a party opposing a dispositive motion which, if granted, would result in a change of forum and the incurrence of additional time and expense, to spend 38.8 hours and 43.6 hours researching and drafting their opposition. As such, the Court finds that

Associated and Crown have requested reasonable attorney's fees with respect to the preparation and filing of their Oppositions to Martin's Motion to Voluntarily Dismiss.

## **CONCLUSION**

This Court finds that Associated and Crown have requested reasonable attorney's fees and costs associated with the removal, scheduling order, and briefing required on the motion to voluntarily dismiss the present case.

It is HEREBY ORDERED that the Order of Dismissal previously entered by this Court (Doc. #46) be without prejudice to the right of the Plaintiffs, Darin Martin and Denise Martin, to re-file another suit based upon the same claims as those set forth in the complaint, and

It is further HEREBY ORDERED that the right to re-file another suit grounded on the preceding paragraph is conditioned upon the prior payment by the Plaintiffs, Darin and Denise Martin, to Associated Wholesale Grocers, Inc. the sum of $8,984.58, AND upon the payment of the further sum of $9,474.00 to Crown Equipment Company, as reasonable attorney's fees and costs.

Unless and until the costs are paid by Martin, no further or other action shall be brought by Martin against Associated or Crown on the same claims for relief as are asserted in this action.

**IT IS SO ORDERED**.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: July 15, 2005